UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA GRIFFIN and<br>WAYNE GRIFFIN,<br>    Plaintiffs<br><br>v.<br><br>AUTOWORLD AUTOMOTIVE<br>SUPERSTORES, INC.<br>D/B/A LIA HYUNDAI AND HYUNDAI<br>CAPITAL AMERICA, INC.<br>D/B/A HYUNDAI MOTOR FINANCE<br>    Defendants | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br>OCTOBER 31, 2019 |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by two consumers against an automobile dealership for violations of the Consumer Leasing Act 15 U.S.C. § 1667 *et seq.* ("CLA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), and civil forgery, Conn. Gen. Stat. § 52-565, in connection with Plaintiffs' lease of a motor vehicle. Plaintiffs also assert claims against the leasing company as assignee of the lease and independently under the Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-648 ("CCPA").

### II. PARTIES

2. Plaintiff, Sandra Griffin ("Sandra"), is a consumer residing in Manchester, Connecticut.

3. Plaintiff, Wayne Griffin ("Wayne", collectively "Plaintiffs"), is a consumer residing in Manchester, Connecticut and is the spouse of Sandra.

4. Defendant, Autoworld Automotive Superstores, Inc. d/b/a Lia Hyundai ("Lia"), is a Connecticut corporation and is licensed to operate an automobile dealership in Hartford, Connecticut.

5. Defendant, Hyundai Capital America, Inc. d/b/a Hyundai Motor Finance ("Hyundai Finance"), is a California corporation that engages in indirect auto financing through the acceptance of retail installment contracts and leases originated by Hyundai dealerships such as Lia.

### III. JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has jurisdiction over Lia because it is located in Connecticut and is organized under Connecticut law.

8. This Court has jurisdiction over Hyundai Finance because it regularly transacts business in this state.

9. Venue in this Court is proper because all of the parties are located in this state and the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

10. On or about September 3, 2016, Plaintiffs entered into a lease with Lia for a 2016 Hyundai Sonata (the "Vehicle").

11. Plaintiffs executed a lease agreement for 36 months with monthly payments of $99 (the "Lease").

12. Plaintiffs paid an initial $3,500 payment and were provided a $4,500 rebate.

13. The lease permitted annual mileage of 12,000 miles before incurring a $0.20/mile charge for excess mileage.

14. On information and belief, unbeknownst to the Plaintiffs, when Lia attempted to assign this lease to Hyundai Finance, the assignment was rejected, presumably because it was out of compliance with the terms permitted by Hyundai Finance.

15. Not desiring to be the lessor and service the contract, Lia forged Plaintiffs' signatures on to a second lease agreement and submitted it Hyundai Financial.

16. This lease was apparently rejected as well.

17. Lia forged Plaintiffs' signatures on to a third lease (the "Forged Lease") to Hyundai Finance that had a $99 monthly payment, but reduced the annual mileage to 10,000 miles.

18. The Forged Lease was accepted by Hyundai Finance.

19. Plaintiffs were unaware that the Forged Lease was the operative lease, because the monthly payments were the same.

20. In summer 2019, a few months before the expiration of the lease term in September, Plaintiffs received a notice from Hyundai Finance that they could extend the lease term by six months.

21. At that time, the Vehicle's mileage was almost 33,000, which meant that its mileage was within the mileage permitted by the Lease.

22. Sandra called Hyundai Finance to inquire further about the lease extension.

23. Through the conversation, Sandra learned that Hyundai Finance believed that her lease permitted only 10,000 miles per year.

24. Sandra was later told by Hyundai Finance that it had three leases on file, which it provided to Plaintiffs, but it was considering the Forged Lease to be the operative lease.

25. Sandra protested and told Hyundai Finance that the operative lease was a forgery and requested an investigation.

26. Hyundai Finance failed to perform an investigation and refused to abide by the terms of the Lease and continued to enforce the Forged Lease.

27. Even if Plaintiffs elected to extend the lease term by six months, they would not be able to use the Vehicle lest they would incur charges for excessive mileage. If they chose to turn the Vehicle in, they would also incur significant charges for the excess mileage.

28. Though they had not desired to purchase the Vehicle at the end of the lease term, Plaintiffs felt no choice, because they needed transportation and did not wish to incur the overcharges Hyundai Finance planned to charge them under the Forged Lease.

29. Plaintiffs purchased the Vehicle from Hyundai Finance in September 2019.

## V. CAUSES OF ACTION

### A. CONSUMER LEASING ACT (LIA ONLY)

30. Lia violated the CLA, Reg. M § 1013.3(a)(3) and 15 U.S.C. § 1667a, by its failure to provide Plaintiffs with a copy of the required disclosures prior to consummation of the transaction.

31. Specifically, Lia failed to provide Plaintiffs with a disclosure of the mileage limitations of the Forged Lease as required by Reg. M § 1013.4(h)(3).

32. Lia is liable to Plaintiffs for their damages, statutory damages of $2,000, and a reasonable attorney's fees pursuant to 15 U.S.C. § 1640.

### B. CONNECTICUT UNFAIR TRADE PRACTICES ACT

33. Lia's conduct, as aforedescribed, was deceptive and in violation of CUTPA.

34. Lia violated CUTPA in the following respects:

   a. It falsely represented to Plaintiffs that they had a 12,000 mile per year lease; and

   b. It forged their signatures on to the Forged Lease and the second lease that was not assigned.

35. Plaintiffs have suffered an ascertainable loss in that they purchase a vehicle that they did not wish to purchase but for the negative financial ramifications of turning the Vehicle in under the terms of the Forged Lease.

36. Lia is liable to Plaintiffs for their actual damages, punitive damages, and attorney's fees and costs.

37. Hyundai Finance is subject to Plaintiffs' claims pursuant to Conn. Gen. Stat. § 42-411(b).

### C. CIVIL FORGERY

37. Lia forged Plaintiffs' signatures on at least two leases that it sought to assign to Hyundai Finance.

38. Lia is liable to Plaintiffs for double damages plus common law punitive damages pursuant to Conn. Gen. Stat. § 52-565.

39. Hyundai Finance is subject to Plaintiffs' claims pursuant to Conn. Gen. Stat. § 42-411(b).

### D. CREDITOR COLLECTION PRACTICES ACT (HYUNDAI FINANCE ONLY)

40. Hyundai Finance is a creditor within the meaning of the CCPA.

41. By failing to investigate Plaintiffs' assertion that the operative lease was a forgery, Hyundai Finance violated Conn. Agencies Reg. § 36a-647-5(15), which requires that a creditor make a reasonable effort to determine the validity of a debt.

42. For its violations of the CCPA, Hyundai Finance is liable to Plaintiffs for statutory damages of $1,000 as well as their attorney's fees and costs.

Wherefore, Plaintiffs claim actual damages, statutory damages of $2,000, statutory damages of $1,000, double damages, punitive damages, attorney's fees and costs, and any other relief deemed just and equitable by this court.

PLAINTIFFS, SANDRA GRIFFIN and
WAYNE GRIFFIN

By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Brendan L. Mahoney (ct29839)
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457